```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ZION TSABBAR,                       :
                                    :
                     Plaintiff,     :     (PRO SE)
                                    :
                                    :
         -against-                  :
                                    :  04 Civ. 10215(RMB)(THK)
                                    :
                                    :
LINDSAY EASON, et al.,              :  MEMORANDUM OPINION AND
                                    :          ORDER
                                    :
                                    :
                     Defendants.    :
------------------------------------X
```
**THEODORE H. KATZ, United States Magistrate Judge**.

Plaintiff Zion Tsabbar, by letter-application, seeks to amend the Complaint in this action. (See Letter from Dr. Tsabbar, Aug. 30, 2005 ("Tsabbar Ltr.").) Defendant 17 East 89th Street Tenants Inc. ("the Cooperative") opposes the application. (See Letter from Joseph A. Stallone, Esq., Sept. 6, 2005 ("Stallone Ltr.").) In an Order, dated August 25, 2005, the Court stated that "[t]here shall be no further amendments of the Complaint . . . unless good cause is shown." (Order, Aug. 25, 2005.) Plaintiff has not shown good cause for his proposed amendment; therefore, the Court denies the application to amend the Complaint.

## DISCUSSION

This action arises out of a nearly ten-year-old dispute between Plaintiff Zion Tsabbar and the residential cooperative where Plaintiff owned and operated a dental office. That dispute has been heavily litigated in multiple New York court, each of

which has been decided against Plaintiff. The New York courts authorized, <u>inter</u> <u>alia</u>, the termination of Plaintiff's lease, Plaintiff's ejectment from his office, and the sale of the premises. In Plaintiff's first federal action, he sought to restrain the foreclosure on, and sale of, his apartment, and sought damages against the Cooperative and various New York State judges. That action was dismissed for lack of subject matter jurisdiction, under the <u>Rooker-Feldman</u> doctrine, and on the basis of judicial immunity from suit. <u>See</u> <u>Tsabbar v. Booth</u>, 293 F. Supp. 2d 328 (S.D.N.Y. 2003), <u>aff'd</u>, 115 Fed. Appx. 513 (2d Cir. 2004). In the instant civil rights action, brought pursuant to 42 U.S.C. § 1983, Plaintiff sues the New York City Sheriff and the Cooperative, alleging that the Sheriff aided the Cooperative in depriving Plaintiff of the equipment in his office by "merely plac[ing] a label on apartment 1-D, being plaintiff's apartment, thereby failing to evict plaintiff from said apartment." (First Amended Complaint ¶ 12.) Plaintiff appears to contend that by merely placing a notice of eviction on the apartment door, rather than removing Plaintiff's property from the apartment, the Sheriff aided the Cooperative in depriving Plaintiff of access to his equipment.

In July 2005, as authorized by the New York courts, the Defendant Cooperative held an auction and sold Plaintiff's apartment. In the instant application to amend the Complaint, Plaintiff seeks to assert a state-law cause of action against the

2

Cooperative for intentionally "misdescrib[ing]" the premises which Plaintiff formerly occupied, and thus selling the apartment for less than it was worth. (See Tsabbar Ltr. at 1.) The Defendant Cooperative opposes the amendment, arguing that Plaintiff's proposed claim arises out of different facts and circumstances than the eviction claim in the First Amended Complaint, and that the sale of the apartment was authorized by the New York State Supreme Court, which continues to exercise jurisdiction over the sale and distribution of the proceeds from the sale. Defendant asserts that Plaintiff's proposed claim can be raised in state court, and asks this Court to "abstain from entertaining claims that interfere with the State Court's proceeding and jurisdiction." (Stallone Ltr. at 1.)

Although leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15, when an amendment would be futile, it need not be granted. See Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); Mackensworth v. S.S. American Merchant, 28 F.3d 246, 251 (2d Cir. 1994); John Hancock Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994). Plaintiff's proposed amendment would be futile because the Court would decline to exercise supplemental jurisdiction over the claim it proposes.

Plaintiff's proposed claim, based upon the Cooperative's purported intentional sale of the premises for less than its market value, is unrelated to the federal claim now present in the

3

Complaint, based upon the Sheriff's eviction procedure, and clearly does not form part of the same case and controversy. Whether the Sheriff, as part of a court-authorized eviction procedure, was required to seize and safeguard Plaintiff's personal property, has no relationship to the price at which the Cooperative sold the apartment at a court-authorized auction. See 28 U.S.C. § 1367(a) ("[I]n any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138 (1966)("The state and federal claims must derive from a common nucleus of operative fact.").

Moreover, even if Plaintiff could satisfy the requirements for supplemental jurisdiction, which he has not, the Court, in its discretion, would decline to exercise supplemental jurisdiction over the claim because it is apparent that Plaintiff's proposed state-law claim, and the other supplemental claims now present in the Complaint, "substantially predominate" over the federal claim upon which the Court's jurisdiction rests. See 28 U.S.C. § 1367(c)(2) ("The district court may decline to exercise supplemental jurisdiction over a claim in subsection (a) if . . . the claim substantially predominates over the claim or claims over

which [the district court] has original jurisdiction.") Indeed, the assertion of federal jurisdiction in this action is tenuous, at best.

Plaintiff's only basis for asserting a federal-law claim is his contention that the New York City Sheriff, in effect, conspired with the Cooperative to deprive Plaintiff of his personal property, by merely placing a notice of eviction on the premises rather than removing the property from the premises. (See First Amended Complaint ¶ 1.) There is no dispute that the Sheriff was authorized to post a notice of eviction on the premises and give possession of the premises to the Cooperative. See 17 East 89th Street Tenants, Inc. v. Tsabbar, Index No. 111258/02, Decision and Order at 10 (N.Y. Sup. Ct. Apr. 8, 2003) (Madden, J.), ("ORDERED and ADJUDGED that plaintiff is entitled to possession of the premises at 17 East 89th Street, Apartment 1D, New York, New York as against defendant[] Zion Tsabbar . . . and the Sheriff of the City of New York, County of New York, upon receipt of a certified copy of this Order and Judgment and payment of proper fees, is directed to place plaintiff in possession accordingly . . . .") (emphasis added). Moreover, Plaintiff does not contend that the Sheriff damaged or improperly deprived him of his property without due process. The only federal claim Plaintiff alleges is based on the dubious proposition that it was the Sheriff's responsibility, in evicting Plaintiff, to remove Plaintiff's property from the

5

premises and safeguard it (a question of state law), and that the Sheriff improperly failed to remove the property from the premises because he conspired with the Cooperative to allow the Cooperative to damage and destroy Plaintiff's property. As the Second Circuit has noted repeatedly, conspiracy claims are to be viewed with skepticism and must be supported by more than mere conclusory allegations. See Webb v. Goord, 340 F.3d 105, 110 (2d Cir. 2003)("In order to maintain an action under Section 1985, a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.") (internal quotation marks omitted), cert. denied, 540 U.S. 1110, 124 S. Ct. 1077 (2004); Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999) ("[A] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.") (quoting Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir. 1983)); Dwares v. City of New York, 985 F.2d 94, 99-100 (2d Cir. 1993) ("conclusory, vague, or general allegations" that the defendants engaged in a conspiracy are insufficient to state a § 1983 conspiracy claim).

It thus appears that this action is likely to turn solely upon a state-law claim against the Cooperative for conversion and damage

to personal property.[1]  Adding another distinct state-law claim, arising out of the Cooperative's conduct in selling Plaintiff's apartment, would permit Plaintiff to bootstrap a thinly disguised, predominantly state-law property dispute between Plaintiff and the Cooperative — a dispute which has been and continues to be litigated in the state courts — onto a federal case premised on a tangential and dubious federal claim.  The Court declines to exercise its supplemental jurisdiction to permit such an amendment.

Finally, the New York State Supreme Court has retained jurisdiction over the sale of Plaintiff's apartment and distribution of the proceeds from the sale.  Plaintiff's claim that the apartment was sold at less than its market value, thus depriving him of a certain portion of the potential proceeds, is closely related to the state court proceeding, and is one which no doubt can, and should be, raised in that action. See Gibbs, 383 U.S. at 726, 86 S. Ct. at 1139 ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.  Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction.").

---

[1] Defendants deny that they deprived Plaintiff of his property or damaged the property, and have submitted letters to the Court which were sent to Plaintiff, advising him that he should make arrangements to retrieve his property from the premises.

7

For all of the above reasons, Plaintiff's application to amend the Complaint is denied.

SO ORDERED.

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: September 20, 2005
       New York, New York


Copies mailed to:

Dr. Zion Tsabbar
67-00 192 Street
# 1106
Fresh Meadows, New York 11365


Amy L. Rothschild, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007


Joseph A. Stallone, Esq.
Garcia & Stallone
Greenway Plaza Office Park
One Greenway
135 Pinelawn Road- 220N
Melville, New York 11747-3160